The HOME INSURANCE
COMPANY, Plaintiff,

v.

AMERICAN HOME PRODUCTS
CORP., et al., Defendants.

85 Civ. 5206 (KTD).

United States District Court,
S.D. New York.

April 14, 1987.

Skadden, Arps, Slate, Meagher & Flom, New York City, for plaintiff; Sheila L. Birnbaum, Irene A. Sullivan, Timothy G. Reynolds, of counsel.

Donovan Leisure Newton & Irvine, New York City, for defendants American Home Products Corp. and Wyeth Laboratories, Inc.; Louis C. Lustenberger, Jr., Daniel J. Thomasch, of counsel.

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for defendant Liberty Mut. Ins. Corp.; Michael E. Twomey, Gary Hoppe, Michael L. Spafford, of counsel.

KEVIN THOMAS DUFFY, District Judge:

This cause of action concerns the rights and obligations owed under several insurance policies. Plaintiff, The Home Insurance Company ("Home"), brought an action for a declaratory judgment concerning the scope and nature of the coverage provided by a second-level excess liability insurance policy issued by Home to the defendants American Home Products Corporation and Wyeth Laboratories, Inc. (collectively "AHP"). Home also seeks a declaratory judgment concerning the nature and scope of the coverage provided by AHP's primary insurer, the defendant Liberty Mutual Insurance Company ("Liberty"). Home moves for summary judgment against Liberty and Home and AHP cross-move for summary judgment against each other. As discussed below, Home's motion for summary judgment against Liberty is denied; Home's motion for summary judgment against AHP is granted in part and denied

in part; and AHP's motion for summary judgment against Home is granted in part and denied in part.

## FACTS

Plaintiff Home is an insurance company which provides excess liability insurance to corporations. Defendant AHP consists of American Home Products Corp. and its wholly-owned subsidiary, Wyeth Laboratories, Inc. AHP manufactures, sells, and distributes consumer products, including household products, prescription and non-prescription drugs, and drug-related products. Defendant Liberty is an insurance company which provides primary and excess liability insurance to corporations.

Both Liberty, as the primary and first-level excess insurer, and Home, as the second-level excess insurer, issued insurance policies to AHP for the policy year July 1, 1975 to July 1, 1976, (the "policy year"), which is at issue here.

The primary insurance policy issued by Liberty to AHP insured AHP for personal injury or property damage occurring during the policy year, in amounts of up to $25,000 per occurrence and $200,000 in the aggregate. Insuring Agreement II of that policy obligated Liberty, in pertinent part, to: (1) defend or make settlement for AHP against all suits alleging personal injury or property damage occurring during the policy year; and (2) pay all expenses incurred in such suits, including costs taxed against AHP and interest accruing between the time judgment is entered and the time Liberty tenders payment of the judgment to the court. The expenses so incurred, except settlements of claims and judgments on suits, were "payable by [Liberty] in addition to the applicable limits of liability of [the] policy." Plaintiff's Notice of Motion, Exh. E at 2.

The Liberty excess insurance policy issued to AHP for the policy year provided $3.5 million of coverage for damages for personal injury or property damage in addition to the underlying primary policy. Condition I provided that the excess policy was "subject to all of the terms and provisions of the underlying [primary policy], other than Insuring Agreement II of [that] policy, except as such terms and provisions are inconsistent with [the excess] policy." Plaintiff's Notice of Motion, Exh. F at 1. The excess policy further provided that Liberty could settle any claim or suit that it deemed expedient, and that it was not obligated to pay any claim or defend any suit after its liability was exhausted by payment of judgments or settlements.

The Home excess insurance policy issued to AHP for the policy year provided $11.5 million of coverage for personal injury or property damage in addition to the underlying Liberty coverage. The Home policy defined the losses for which it was to indemnify AHP under the policy as "the amount payable in settlement of the liability of the Insured after making deductions for all recoveries and for other valid and collectible insurances ... and shall exclude all expenses and Costs." Plaintiff's Notice of Motion, Exh. D at 2. The Home policy defines "Costs" to include, *inter alia,* interest accruing after entry of a judgment and legal expenses. It provides further that, while Home is not obligated to "assume charge of the settlement or defense of any claim made or suit brought against [AHP]", Home does have the right to associate with AHP or Liberty, as AHP's underlying insurer, or both, "in the defense or control of any claim ... where the claim or suit involves or appears reasonably likely to involve [Home], in which event [AHP] and [Home] shall co-operate in all things in the defense of such claim." *Id.* Finally, the Home policy excludes from coverage all "loss, damage or expense caused intentionally by or at the direction of the insured." *Id.* at 7.

No claim has ever been made against the Home excess coverage. Liberty's primary coverage has been exhausted and, to date, Liberty has paid claims amounting to approximately $1.4 million of the $3.7 million aggregate underlying coverage that it provides to AHP. To date, Liberty has defended AHP in all actions claiming personal or property damage relating to the policy year.

On June 29, 1984, a jury awarded a plaintiff $9.2 million in compensatory damages and $13 million in punitive damages against

AHP for injuries sustained during the policy year as a result of plaintiff's ingestion of a drug manufactured and distributed by AHP. *Marcus Batteast v. American Home Products Corp.*, No. 806 16808 (Circuit Court, Cook Co., Ill., June 29, 1984) (*"Batteast"*). That case is currently on appeal before the Illinois appellate courts. Liberty bore the expense of defending AHP in *Batteast*, and continues to pay the defense costs of the appeal.

Prior to the *Batteast* judgment, Liberty had already paid approximately $1.4 million in settlements and judgments in other actions relating to the policy year. In connection with efforts to settle the *Batteast* action prior to judgment, Liberty offered the remaining policy limits of its first level excess coverage, approximately $2.3 million, to AHP and Home. In light of the *Batteast* judgment, and the fact that it exceeded the remaining limits of the Liberty excess policy, Liberty and AHP subsequently negotiated an agreement regarding Liberty's tender of that remaining coverage toward the *Batteast* judgment. The agreement was reached in December 1984 and provided in pertinent part that:

(1) Liberty Mutual agrees that it is required to pay on behalf of American Home Products the *Batteast* judgment (unless reversed), up to its policy limits, and to pay in addition post-judgment interest on said judgment as required by state law from the date of entry of judgment through and including September 10, 1984.

(2) For the sole purpose of defining Liberty Mutual's obligation to pay to the *Batteast* plaintiff interest accruing on the *Batteast* judgment, American Home Products agrees to act as though a tender of the remaining policy limits was made to the plaintiff on September 10, 1984. The putative tender will be deemed to be in an amount equal to the aggregate of: (1) the policy limits remaining as of September 10, (2) post-judgment interest accrued through September 10 (see paragraphs (1) [sic] and (3) court costs in the *Batteast* action.

(3) As a consequence of this putative tender, AHP will assume responsibili-

ty for satisfying the *Batteast* plaintiffs' continuing right to post-judgment interest for the period September 11, 1984 through and including the date judgment is satisfied in the *Batteast* action.

(4) Liberty Mutual is not required to actually tender the money to plaintiff in the *Batteast* action or to American Home Products until such time as American Home Products chooses to make payment to plaintiff in settlement or satisfaction of the *Batteast* judgment.

.        .        .        .        .

Answer of Defendant Liberty Mutual Insurance Company to Plaintiff's Second Amended Complaint, Exh. B.

After entry of the *Batteast* judgment, AHP notified Home that it would look to Home to indemnify AHP for that part of the *Batteast* judgment in excess of the Liberty coverage limits, to defend AHP, and to reimburse AHP for all defense costs incurred with respect to the remaining claims and lawsuits assigned to the policy year. In response, Home advised AHP that its excess policy did not insure against punitive damage awards, and therefore it would not pay the punitive damages portion of the *Batteast* judgment. Home also advised AHP that its policy did not impose any obligation to defend AHP or pay defense costs with respect to any remaining claims or lawsuits assigned to the policy year.

The present action was originally brought in New York state court in July 1984, and was removed to this court in July 1985. Home seeks a declaratory judgment against AHP that it is not obligated under its excess policy: (1) to defend costs against claims made for the policy year; (2) to insure AHP against punitive damage awards; or (3) to pay interest on judgments awarded against AHP during the policy year. Home also seeks a declaratory judgment against Liberty that: (1) Liberty improperly allocated claims to the policy year; and (2) Liberty's tender of its remaining policy limits in the *Batteast* agreement did not terminate its obligation to defend AHP and pay interest and costs on judgments

rendered before Liberty actually paid its policy limits.

In December 1984, Liberty commenced an action against AHP and the *Batteast* plaintiffs in Illinois state court. In that action, Liberty seeks a declaratory judgment that by virtue of the *Batteast* agreement and the exhaustion of its policy limits, Liberty has no further duty to defend or indemnify AHP in *Batteast*, or any other pending claims against AHP that relate to the policy year. AHP removed the action to the United States District Court for the Northern District of Illinois, where it is presently awaiting decision.

Home moves for summary judgment against both AHP and Liberty. AHP cross-moves for summary judgment against Home.

## DISCUSSION

Home's motion for summary judgment against AHP is based on two grounds: under the Home excess insurance policy, Home is neither (1) obligated to defend AHP or pay AHP's defense costs nor (2) required to pay the punitive damage award in *Batteast*. AHP cross-moves for summary judgment against Home on the opposite grounds: under the Home excess policy, Home is obligated both (1) to defend AHP or pay AHP's defense costs and (2) to pay the *Batteast* punitive damage award. AHP also seeks an award of its costs in defending against Home's cause of action.

■ Although AHP labors mightily to obfuscate the plain language of the Home excess policy, it is clear to me that neither the legal fees incurred nor the interest that accumulates after judgments are covered by the policy. The plain language of the Home excess policy specifically excludes them. Thus, there is nothing more to be said on this point.

■ Home, however, loses its argument that it has no liability under the policy for punitive damages. While it is true that punitive damages may be awarded for an intentional tort, they are not restricted to intentional injury. It has long been the law in New York that punitive damages can be recovered in a negligence case where negligence is shown to be gross or wanton. The language of some decisions might liken such conduct to intentional wrongdoing, but that does not render it equivalent to intentional wrongdoing for the purposes of this case.

Home moves for summary judgment against Liberty on two grounds: (1) Liberty prematurely exhausted its liability policy limits by misallocation of claims to the policy year; and (2) Liberty's tender of its remaining policy limits under the *Batteast* agreement does not terminate its duty to defend AHP against subsequent claims made concerning the policy year.

■ Home has presented no evidence that Liberty has improperly allocated any claim against AHP to the policy year. Liberty admits to having allocated claims according to the manifestation-of-injury standard before this court and the Second Circuit Court of Appeals required that the injury-in-fact standard be applied. *Am. Home Prod. Corp. v. Liberty Mut. Ins. Co.*, 565 F.Supp. 1485 (S.D.N.Y.1983), *aff'd as modified*, 748 F.2d 760 (2d Cir.1984). Subsequent to those decisions, however, Liberty asserts that it stopped allocating claims under the manifestation-of-injury standard, and began evaluating claims made in the policy year to determine what reassignments, if any, were required under the injury-in-fact standard. Important questions of fact remain concerning Home's claim that Liberty misallocated claims to the policy year to prematurely exhaust its liability coverage. Among them are:

(1) Which claim(s) does Home assert that Liberty misallocated?

(2) Did the misallocation, if any, occur before or after the court decisions requiring application of the injury-in-fact standard?

(3) Did the misallocation, if any, prematurely reduce Liberty's remaining available liability policy limits?

Therefore, Home's motion for summary judgment against Liberty must be denied.

Home also moves for summary judgment against Liberty on the ground that Liberty's tender of its policy limits under the *Batteast* agreement did not terminate its duty to defend AHP against other suits

involving the policy year. Because of my ruling above that Home is not liable to AHP for the legal costs of defending AHP, this part of Home's motion for summary judgment against Liberty is denied as moot.

Accordingly, the declaratory judgment will enter holding that Home is liable under its excess insurance policy for the punitive damages awarded in *Batteast*. However, any liability of AHP arising either from interest payable on the *Batteast* judgment or from legal costs involved in defending AHP is not within the Home excess insurance policy and may not be recovered from Home. The parties are to settle declaratory judgment on five days' notice within ten days of the date of this Order. Summary judgment as to the amount of the liability will issue when liability as to the underlying *Batteast* lawsuit is determined finally. AHP's motion for an award of its costs in defending against Home's cause of action is denied.

SO ORDERED.