The HOME INSURANCE COMPANY, Plaintiff–Appellant, Cross–Appellee,

v.

AMERICAN HOME PRODUCTS CORPORATION, Wyeth Laboratories, Inc., and Liberty Mutual Insurance Company, Defendants–Appellees.

Appeal of AMERICAN HOME PRODUCTS CORPORATION, Wyeth Laboratories, Inc., Defendants–Appellees, Cross–Appellants.

Docket Nos. 88–7995, 88–9059.

United States Court of Appeals, Second Circuit.

April 7, 1989.

Before FEINBERG, KEARSE and PIERCE, Circuit Judges.

## ORDER

On consideration of the briefs and records and the oral argument in this appeal, it is hereby ORDERED that the Clerk of the Court transmit to the Clerk of the New York Court of Appeals a Certificate in the form attached, together with a complete set of the briefs, appendix, and record filed by the parties with this court.

Certificate to The New York Court of Appeals (pursuant to McKinney's Revised 1989 New York Rules of Court § 500.17(b)—certification of unsettled question of state law)

American Home Products (AHP) manufactures and sells products, including drugs. AHP is a Delaware corporation with its principal place of business in New York. The Home Insurance Company (Home) provides excess liability insurance to corporations. Home is a New Hampshire corporation with its principal place of business in New York. Liberty Mutual Insurance Company (Liberty) provides primary and excess insurance to corporations. Liberty was the primary and first-level excess insurer to AHP and Home was the second-level excess insurer during the policy year at issue in this case.

During the policy year, a two-year old boy was injured, allegedly as a result of ingestion of one of AHP's products. He sued AHP in Illinois state court and won a jury award of $9.2 million in compensatory damages and $13 million in punitive damages. *Marcus Batteast v. American Home Products*, No. 806–16808 (Cir.Ct. Cook County, Ill.), aff'd sub nom., *Batteast v. Wyeth Laboratories, Inc.*, 172 Ill.App.3d 114, 122 Ill.Dec. 169, 526 N.E.2d 428 (1st Dist.1988), leave to appeal granted, 123 Ill.2d 556, 128 Ill.Dec. 887, 535 N.E.2d 398 (1988). The Liberty policies, which totalled $3.5 million and had already been used to pay $1.4 million in connection with other suits against AHP, were completely exhausted by this award. The Home excess policy, which provided $11.5 million of coverage, would therefore be needed to pay the judgment, and AHP notified Home that Home would be expected to indemnify AHP for the part of the award in excess of the Liberty policy, and to reimburse AHP for defense costs. In response, Home notified AHP that its excess policy did not insure against punitive damages and did not obligate Home to pay defense costs. The policy between Home and AHP is governed by New York law.

In July 1984, Home brought a declaratory judgment in the New York state court, which was removed to the federal court in July 1985. The district court, 665 F.Supp. 193 (S.D.N.Y.1987), found that Home is liable, under the policy, for punitive damages. Home appealed to this court, arguing that New York's public policy prohibits an insurer from paying the punitive damage award against an insured. In support of its argument, Home cites New York cases barring insurance coverage of punitive damages awarded under New York law. See *Public Service Mutual Insurance Co. v. Goldfarb*, 53 N.Y.2d 392, 442 N.Y.S.2d 422, 425 N.E.2d 810 (1981); *Hart-*

**522**

*ford Accident & Indemnity Co. v. Village of Hempstead*, 48 N.Y.2d 218, 422 N.Y.S.2d 47, 397 N.E.2d 737 (1979).

This court has found no New York case that either applies or refuses to apply New York's public policy to the insurability of out-of-state punitive damage judgments. Home argues that punitive damage awards should be noninsurable because there is no reason to distinguish New York's public policy interests based on whether the judgment granting punitive damages is obtained under the law of New York or under the law of another state. AHP argues that the New York public policy should not bar indemnification contemplated under the insurance contract, principally because New York has a more stringent standard than Illinois has for imposing punitive damages in the first place. AHP also claims that New York has no public policy interest in prohibiting insurance coverage of punitive damages absent a showing of conduct that is morally culpable under New York law, and there was no such conduct by AHP in this case.

The unsettled question that should be decided by the New York Court of Appeals is as follows:

> Would New York require the insurer to reimburse the insured for punitive damages awarded against the insured on the out-of-state judgment in this case?

This question, one of first impression, should be decided by the New York court because it directly involves the application of an important public policy of the State of New York. Punitive damages can obviously be awarded in any of a great number of states against persons who are insured under New York law. Awards of punitive damages in increasingly large amounts are becoming more frequent and the question of whether New York State would require an insurer to reimburse an insured for such damages obtained in an out-of-state judgment will undoubtedly recur. The question is of obvious importance to the insurance industry and to those who buy insurance policies. There is no precedent on the issue now and New York has a strong interest in deciding the issue certified rather than having the only precedent on point be that of the federal court, which may be mistaken.

The question herein presented is likely to recur, and its resolution at this time by the New York Court of Appeals would aid in the administration of justice.

The foregoing is hereby certified to the Court of Appeals for the State of New York as ordered by the United States Court of Appeals for the Second Circuit.

Dated at New York, New York, this 7th day of April, 1989.

/s/ ELAINE B. GOLDSMITH
*Clerk of the United States Court of Appeals for the Second Circuit*