The HOME INSURANCE COMPANY, Plaintiff–Appellant, Cross–Appellee,

v.

AMERICAN HOME PRODUCTS CORPORATION, Wyeth Laboratories, Inc., and Liberty Mutual Insurance Company, Defendants,

American Home Products Corporation, and Wyeth Laboratories, Inc., Defendants–Appellees, Cross–Appellants.

Nos. 904, 1000, Dockets 88–7995, 88–9059.

United States Court of Appeals, Second Circuit.

Argued March 27, 1989.

Decided May 9, 1990.

Sheila L. Birnbaum, New York City (Irene A. Sullivan, Timothy G. Reynolds, Skadden, Arps, Slate, Meagher & Flom, New York City, of counsel), for plaintiff-appellant, cross-appellee.

Daniel J. Thomasch, New York City (Louis C. Lustenberger, Jr., Susan M. Hart, Donovan Leisure Newton & Irvine, New York City, of counsel), for defendants-appellees, cross-appellants.

Before FEINBERG, KEARSE, and PIERCE, Circuit Judges.

PER CURIAM:

The Home Insurance Company ("Home") appeals from a judgment of the United States District Court for the Southern District of New York, Duffy, *J.*, entered upon cross-motions for summary judgment, declaring that Home is obligated to indemnify American Home Products Corporation and Wyeth Laboratories, Inc. (together "AHP") for a punitive damage award rendered against AHP. AHP cross-appeals from that portion of the court's judgment declaring that Home is not obligated to indemnify AHP for post-judgment interest and for defense costs. For the reasons that follow, we reverse the district court's judgment with respect to punitive damages but affirm as to post-judgment interest and defense costs.

AHP manufactures and sells drugs and drug-related products. In 1975, Home issued to AHP a second-level excess liability insurance policy for injuries or damages during the policy year July 1, 1975 to July 1, 1976; both the primary policy and first-level excess policy were provided by Liberty Mutual Insurance Company ("Liberty"). During the policy year, a two-year-old child was injured, allegedly as a result of ingestion of a product manufactured by AHP. Through his parents, he sued AHP in Illinois State court and won a jury award of $9.2 million in compensatory damages and $13 million in punitive damages. *Batteast v. American Home Prods.*, No. 806–16808 (Cir.Ct. Cook County, Ill.), *aff'd sub. nom., Batteast v. Wyeth Labs., Inc.*, 172 Ill.App.3d 114, 526 N.E.2d 428 (1st Dist.),

*leave to appeal granted,* 123 Ill.2d 556, 128 Ill.Dec. 887, 535 N.E.2d 398 (1988).

Home sought a declaratory judgment to determine the extent of its obligation to indemnify AHP. On cross-motions for summary judgment, the district court held that Home was liable under its excess insurance policy for the punitive damage award but that the policy did not obligate Home to indemnify AHP for post-judgment interest on the award or for AHP's defense costs. *Home Ins. Co. v. American Home Prods. Corp.,* 665 F.Supp. 193, 197 (S.D.N.Y.1987).

■ On appeal, Home argued that New York's public policy prohibits an insurer from paying punitive damages awarded against an insured. Since the issue of coverage for punitive damages awarded in out-of-state judgments was one of first impression in New York and involved important public policy considerations, this Court certified the following question to the New York Court of Appeals:

> Would New York require the insurer to reimburse the insured for punitive damages awarded against the insured on the out-of-state judgment in this case?

*Home Ins. Co. v. American Home Prods. Corp.,* 873 F.2d 520, 522 (2d Cir.1989). On January 18, 1990, the Court of Appeals answered the question in the negative, concluding "that to require Home to indemnify AHP for [punitive] damages under its excess policy would be contrary to the public policy of this State." *Home Ins. Co. v. American Home Prods. Corp.,* 75 N.Y.2d 196, 199–200, 550 N.E.2d 930, 932, 551 N.Y. S.2d 481, 483 (1990). In view of this decision, the district court must be reversed as to its determination that Home was liable to indemnify AHP for the *Batteast* punitive damage award.

■ A remaining issue in this appeal is whether Home is obligated to indemnify AHP for post-judgment interest on the compensatory damage portion of the *Batteast* award, and for defense costs. Initially, we note that the Home policy is a "following form" agreement, subjecting Home to the "terms, conditions and exclusions" of the Liberty excess policy. As the plain language of the Home policy makes clear, however, the Home policy follows the terms of the Liberty excess policy only to the extent that the Liberty policy is consistent with the Home policy. The Home policy states that it is "subject to the same warranties, terms and conditions (*except as otherwise provided herein*) as are contained in ... the Underlying Coverage...." (Emphasis added). Thus, although both policies must be looked to in determining the scope of Home's liability, the Home policy controls Home's obligations if there is any conflict between the two insuring agreements.

■ The Home policy insures AHP for *liability for bodily injury in excess of that* provided by the Liberty excess policy, up to $11.5 million ultimate net loss. "Ultimate net loss" is defined under the policy as "the amount payable in settlement of the liability of [AHP] ... *exclud[ing] all expenses and Costs.*" (Emphasis added). Costs, in turn, are defined as "interest accruing after entry of judgment, investigation, adjustment and legal expenses (excluding, however, all office expenses of [AHP], all expenses for salaried employees of [AHP] and general retainer fees for counsel normally paid by [AHP])."

The parties are in dispute as to whether the above provisions exclude the payment of post-judgment interest and defense costs from Home's obligation. Home argues that, under a straightforward reading of these terms, it is not required to pay either post-judgment interest on the *Batteast* award or AHP's defense costs since the policy explicitly excludes "interest accruing after entry of judgment" and "legal expenses" from "ultimate net loss." Home also contends that AHP's in-house expenses (*i.e.,* office expenses, salaries of employees, general retainer fees), although excluded from the definition of non-recoverable costs, fall under the term "expenses" in the definition of "ultimate net loss." Since "expenses" are excluded from "ultimate net loss," Home claims that indemnification for in-house counsel fees is not required.

AHP, on the other hand, argues that "ultimate net loss" does not define the extent of the applicable coverage. Rather, according to AHP "ultimate net loss" only determines which payments made by Home are credited against the $11.5 million aggregate coverage. Under AHP's construction, items excluded from ultimate net loss, including post-judgment interest and outside counsel fees, are recoverable from Home as supplementary payments in addition to the policy limits. AHP concedes that its in-house expenses, since they are normal business expenditures, are not covered by the Home policy.

We reject AHP's interpretation of "ultimate net loss." There is no explicit support in the text of the Home policy for AHP's construction of this key definition. Moreover, even if the underlying Liberty policies provide for payments of the sort sought by AHP, these policies contain separate provisions for supplementary payments. These provisions conflict with the subject Home policy which essentially is limited to a single coverage provision that excludes from payment those expenses and costs allegedly provided for in the Liberty "Supplementary Payments" provisions. In light of these express exclusions, we decline AHP's invitation to infer the availability of such supplemental payments through the underlying Liberty policies.

We agree with Home's interpretation that post-judgment interest and legal expenses (in particular outside counsel fees) are excluded under the plain language of the policy. Moreover, although we are not completely persuaded by Home's argument relating to in-house expenses, we need not address this apparent ambiguity within the costs provision since both parties agree that in-house expenses do not fall within the scope of Home's obligation. Thus, we conclude the district court properly found Home not liable either for post-judgment interest on the *Batteast* award or for AHP's defense costs.

For the foregoing reasons, the judgment of the district court declaring that Home is obligated to indemnify AHP for the *Batteast* punitive damage award is reversed and remanded with direction that judgment be entered declaring that the Home policy does not obligate Home to indemnify AHP for the *Batteast* punitive damage award. The judgment of the district court declaring that Home is not obligated to indemnify AHP for post-judgment interest and for defense costs is affirmed.